# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **ROBIN B. DUVALL,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CASE NO. 1:25-CV-01995-ADA** |
| | § | |
| **SEDWICK CLAIMS MANAGEMENT** | § | |
| **SERVICES, INC.,** *et al.*, | § | |
| *Defendants* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ALAN D ALBRIGHT**
**       UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Robin B. Duvall's Complaint (Dkt. 1) and Motion to Proceed *In forma Pauperis*, both filed December 5, 2025 (Dkt. 3).[1]

### I.    Application to Proceed *In Forma Pauperis*

Duvall seeks leave under 28 U.S.C. § 1915(a)(1) to file her Complaint without having to prepay the filing fee or costs. Dkt. 2. Under § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if she shows by affidavit that she cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay . . . statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.*

After reviewing her application, the Court finds that Duvall cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** Duvall *in forma pauperis* status and **ORDERS** her Complaint to be filed without pre-payment of fees or costs. This *in forma pauperis* status

---

[1] The District Court referred the Motion to this Magistrate Judge, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 4.

is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or if, under § 1915(e)(2), the action is found to be frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against an immune defendant. The Court also may impose costs of court against Duvall at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.     Review Under Section 1915(e)(2)

Because Duvall has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her complaint under 28 U.S.C. § 1915(e)(2).

A court shall dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Doe v. Charter Commc'ns, L.L.C.*, 131 F.4th 323, 328 (5th Cir. 2025) (quoting *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013)). *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but a plaintiff's *pro se* status offers "no impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hou., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Duvall alleges that she has worked as a stockbroker for Defendant Sedgwick Claims Management Services, Inc. since 2013 and participated in an employee welfare benefit plan administered by Charles Schwab & Co., Inc. that provided short-term disability benefits to Sedgwick employees. Dkt. 1 ¶¶ 14, 18-19. Duvall alleges that she became disabled and unable to work on March 17, 2025, due to adverse reactions to her Selective Serotonin Reuptake Inhibitor medications. Duvall alleges that Sedgwick wrongfully denied her disability claim and suppressed medical evidence that she was disabled. *Id.* ¶¶ 34-55.

Duvall sues Sedgwick; Charles Schwab; Network Medical Review Co., LLC, a physician advisory services company providing services to Sedgwick; and several physician advisors who assisted Sedgwick. Duvall asserts claims under the Employee Retirement Income Security Act of 1974 ("ERISA"); the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962; 18 U.S.C. § 1519; and Texas common law.

While Duvall's claims under ERISA, RICO, and Texas common law do not appear patently frivolous at this time, her claim under 18 U.S.C. § 1519 lacks an arguable basis either in law or in fact. Section 1519 is a federal criminal statute relating to destruction, alteration, or falsification of records. "A private party has no right to enforce federal criminal statutes." *United States v. Planned Parenthood Fed'n of Am. Inc.*, 601 F. Supp. 3d 97, 123 (N.D. Tex. 2022) (citation omitted); *see also Bogard v. Lowe*, No. SA-21-CV-21-FB, 2022 WL 1050332, at *3 (W.D. Tex. Apr. 6, 2022) (recommending dismissing claims under "a variety of criminal statutes, both federal and state" because they failed to provide for a private right of action), *R. & R. accepted*, 2022 WL 22867447 (W.D. Tex. Apr. 30, 2022). Accordingly, Duvall's obstruction of justice claim should be dismissed under § 1915(e)(2).

### III.    Order

The Court **GRANTS** Plaintiff Robin B. Duvall's Application to Proceed *In Forma Pauperis* (Dkt. 3) under 28 U.S.C. § 1915(a)(1) and **ORDERS** Plaintiff's Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). The Court **FURTHER ORDERS** the Clerk to issue summons and the United States Marshals Service to attempt service in this case without pre-payment of a service fee.

### IV.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** with prejudice Duvall's claim under 18 U.S.C. § 1519 for frivolousness under 28 U.S.C. § 1915(e)(2).

The Court **ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Alan D Albright.

### V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 5, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

4